**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLGA MINERVA CASTELAN SALAS, | No. 08-71661 |
| Petitioner, | Agency No. A095-291-579 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2012
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.**

Petitioner-Appellant Olga Minerva Castelan Salas ("Castelan") seeks review

of a single-member opinion of the Board of Immigration Appeals ("BIA").  The

BIA affirmed an Immigration Judge's ("IJ") decision finding Castelan ineligible

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

for cancellation of removal due to her failure to establish good moral character pursuant to 8 U.S.C. § 1229b. Though we lack jurisdiction to review discretionary determinations of the BIA regarding the granting of relief under § 1229b, *see Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006), under 8 U.S.C. § 1252(a)(2)(D) we retain jurisdiction to review colorable constitutional claims and questions of law raised in Castelan's Petition for Review.

The IJ and BIA found that Castelan had failed to establish good moral character because she had not presented evidence clarifying the disposition of a supposed attempted murder charge she had received in 2004. Contrary to the understanding of the IJ and BIA, there is no evidence in the record showing Castelan was ever charged with attempted murder. Rather, her criminal history indicates she was arrested for attempted murder on June 25, 2004 but ultimately charged only with domestic violence and assault with a deadly weapon for the incident leading to the arrest. Castelan submitted docket reports to the IJ showing her domestic violence and assault charges had been dismissed on December 6, 2004. The IJ and BIA faulted Castelan for failing to submit evidence of the dismissal of her attempted murder charge, but doing so would have been impossible. There never was such a charge. Because there never was a charge, there is of course nothing in the court records to indicate that the charge was

2

dismissed.

The Fifth Amendment guarantee of due process is applicable to removal proceedings and guarantees, among other protections, the "right to a full and fair hearing" and "the evaluation of each case on its own merits." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001). This Court "will reverse the BIA's decision on due process grounds if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case" and "the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

Because the outcome of Castelan's removal proceedings may have been affected by the BIA and IJ's erroneous belief that Castelan had been charged with attempted murder, we remand to the BIA for further proceedings.

**REVERSED and REMANDED**.